**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | |
|---|---|
| VIVIAN KESLER, Special Administratrix of the<br>Estate of RALPH C. KESLER, SR., Deceased | PLAINTIFF |
| v.   NO. 4:08CV00924 JLH | |
| HOME DEPOT USA, INC.; and<br>TRICAM INDUSTRIES, INC. | DEFENDANTS |

**ORDER**

On July 22, 2009, Vivian Kesler filed a demand for trial by jury. The defendants have responded and oppose the demand for trial by jury on the ground that it is untimely.

Even though Kesler has not made a timely demand, the Court may, in its discretion, "order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). The Eighth Circuit has said that a district court's discretion under Rule 39(b) is broad and that courts "ought to approach each application with an open mind," based upon the circuit's view that "jury trials ought to be liberally granted when no prejudice results." *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980). Although the Eighth Circuit has not established a particular standard to apply to Rule 39(b), courts have generally looked at the totality of the circumstances and considered these factors in particular: whether the issues to be tried are best tried to a jury; whether granting the motion would disrupt the court's schedule or that of the adverse party; the degree of prejudice to the adverse party; the length of the delay in having requested a jury trial; and the reason for the movant's tardiness in requesting a jury trial. *Harrington v. Wilber*, 384 F. Supp. 2d 1321, 1324 (S.D. Iowa 2002). In this case, the factors weigh in favor of granting Kesler a jury trial. First, the issues to be tried are fact-intensive questions relating to whether a particular product was

defective and whether those defects caused the death of Ralph Kesler. Such issues generally are tried to juries, as they should be. Second, whether this is a trial by jury or a trial to the court will not affect the Court's schedule. Third, the defendants have made no claim of prejudice if this matter is tried to a jury. Although there was an eleven month delay from the filing of the complaint until the motion for a trial by jury, and although Kesler has not provided an excuse for the delay, the Court believes that a party's right to a jury trial outweighs those factors. Trial is currently scheduled for the week of May 17, 2010, and the demand is made well in advance of the trial date. The Court can see no particular reason at this date as to why the demand for a jury trial, even though untimely, should not be granted. Therefore, the demand for trial by jury is GRANTED. The Court will issue a new scheduling order containing the deadlines appropriate for a trial by jury.

    IT IS SO ORDERED this 24th day of July, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE